*H. B. Hendershott, A. Hall, C. W. Slasle* and *G.
Acheson*, for defendant.

————— *✦✦✦* —————

L. RALSTON *v.* RALSTON *et al.*

A crop of wheat growing upon land at the time it was set off and confirmed
to the widow as dower, will pass with the land and be considered a part
of her dower estate, unless expressly reserved.

APPEAL *from Wapello District Court.*

*Opinion by* KINNEY, J. Louisa M. Ralston filed a peti-
tion claiming one hundred and fifty dollars, and stating as
the cause of such claim that her husband, Robert Ralston,
died on the 19th day of October, 1851, seized, in fee simple,
of certain lands; and that a certain piece of land embracing
the homestead, was on the 12th day of March, 1852, set off,
and confirmed to her as her dower. That on the land so
set off, there was growing a large crop of wheat; and that
subsequently the said defendants entered upon the said
land, and cut and harvested there from the wheat, &c. The
answer of the defendants admit all the averments contained
in the petition, but state that the wheat was sown in the
life time of said Robert, and growing on said land at the
time of his decease, and that Mathew Ralston was appointed
executor of the estate of said Robert, and that as such

executor he had a right to enter upon the land and harvest and carry away said wheat. To this answer there was a replication, and to the replication a demurrer; and the decision of the court sustaining the demurrer is assigned as error. The record presents only one question : is the widow, or the executor, entitled to the wheat. It will be observed that the admeasurement of the land, and confirmation by which the dower was set off to the widow, took place before the wheat was harvested. By the Code, it is provided "that one-third in value of all the real estate owned by the husband during coverture, except such as has been sold on execution or other judicial sale, and to which the wife has made no relinquishment of her rights, shall be set apart by the executor as her property in fee simple, if she survive her husband." § 1294.

In lieu of a life estate as formerly, the widow by virtue of this section, is entitled to one-third of all of the real estate in fee. Does the fee of which she becomes the sole owner, carry with it the growing crops, or do they as at common law pass to the executor for the payment of the debts? It is well settled now by the authorities, that if A sells a farm to B, on which there are growing emblements, and does not make a special reservation of such emblements, that they pass with the title to B. Upon like analogy when the dower of the widow was set apart to her and the proceedings in relation thereto confirmed, she became the absolute owner in fee to the quantity of land so set apart, entitled to its free, full and perfect enjoyment. The Code has defined the words "real estate by making them include lands, tenements and hereditaments, and all rights thereto, and interests therein, equitable as well as legal." § 26. The growing wheat was an interest which belonged to the soil; it was an interest embraced in the phrase "real estate," and as much belonged to the widow as the owner of the real estate. Although the fee had been conveyed to her by deed without any reservation of the growing crops.

By the definition given to these words by the legislature, the growing emblements, being an interest in the land, they would pass with the land by sale conveying the real estate, or by will, or by operation of law, as perfectly as any fixture or appurtenance belonging to the land. Judgment sustain. ing the demurrer reversed and the cause remanded for trial.

*Geo. B. Wright* and *H. B. Hendershott*, for appellants.

*A. Hall* and *Jas. Baker*, for appellees.